UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-22593-CIV-JORDAN

| | |
|---|---|
| JEANNETTE HAUSLER, et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| THE REPUBLIC OF CUBA, et al., | ) |
| Defendants | ) |
| vs. | ) |
| EMPRESA CUBANA DEL TABACO, et al., | ) |
| Garnishee | ) |

**ORDER ON PENDING MOTIONS AND STAYING & ADMINISTRATIVELY CLOSING CASE**

Ms. Hausler's motion for partial remand [D.E. 17] is GRANTED IN PART. Bacardi's motion to intervene and to stay proceedings [D.E. 23] is WITHDRAWN WITHOUT PREJUDICE pursuant to the agreed order filed with the court [D.E. 63]. Camara's motion to intervene [D.E. 21] and motion for leave to file supplemental authority in support of its motion to intervene [D.E. 53] are DENIED AS MOOT. All other motions [D.E. 18, 26, and 48] and all proceedings are STAYED pursuant to the terms set forth below. This case is administratively CLOSED.

**I. CAMARA'S MOTION TO INTERVENE**

Camara moved to intervene in this case on October 2, 2009, claiming an interest relating to the plaintiffs' requested sale of U.S. Trademark Registration No. 756,558, "Republica de Cuba Cuban Government's Warranty for Cigars Exported from Havana Sello de Garantia Nacional de Procedencia para Tabacos," termed the "Sello de Garantia Nacional" in the Cuban legal system.

On March 5, 2010, the plaintiffs filed a notice of partial voluntary dismissal without prejudice [D.E. 62], dismissing all claims against Trademark Registration No. 756,558. Accordingly Camara's motion to intervene [D.E. 21] is DENIED AS MOOT.

Camara's motion for leave to file supplemental authority in support of its motion to intervene [D.E. 53] is also DENIED AS MOOT.

## II.  THE PLAINTIFFS' MOTION FOR PARTIAL REMAND

The plaintiffs moved for partial remand on October 1, 2009. The plaintiffs do not seek, and I do not order, remand of the impleader action and proceedings supplementary to execution against Cubatabaco, Cubaexport, and ETECSA or the plaintiffs' claims against the trademark registrations and applications identified in the plaintiffs notice of partial voluntary dismissal [D.E. 62] and their associated trade dress and goodwill. With this caveat, the plaintiffs' motion is GRANTED to the extent that the underlying action in *Hausler, et al. v. Republic of Cuba, et al.*, No. 02-12475 (Div. 04), shall remain within the jurisdiction of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and is not removed to this court. I will retain jurisdiction over the impleader action and supplementary proceedings to sell at public auction certain trademarks and associated goodwill for purposes of the plaintiffs' motion to remand, but without passing judgment on Cubatabaco and Cubaexport's jurisdictional claims set forth in their motion to dismiss [D.E. 18].

## III.  BACARDI'S MOTION TO INTERVENE AND STAY PROCEEDINGS

In the agreed and unopposed order filed by Bacardi with the court, the plaintiffs and Bacardi agreed to (and Cubatabaco, Cubaexport and ETECSA did not oppose) the stay of proceedings outlined below. As part of that agreement, Bacardi agreed to withdraw without prejudice its motion to intervene and for a narrow stay of the proceedings.

## IV.  AGREED STAY OF THE PROCEEDINGS

In accordance with the agreed to and unopposed order filed by the parties in this action [D.E. 64], it is hereby ordered that:

    (a)    This impleader action is stayed until resolution, through appeal, of the last of the following proceedings:

        (i)    *Empresa Cubana Exportadora de Alimento y Productos Varios v. U.S. Dep't of Treasury*, et al., Case No. 09-5196 (D.C. Cir.);

        (ii)    *In the Matter of Registration No. 1,031,651,* Cubaexport's petition pursuant to 37 C.F.R. § 2.146(a), filed October 4, 2006 (P.T.O.);

        (iii)    *Bacardi & Co., Ltd., et al. v. Empresa Cubana Exportadora de Alimentos y Productos Varios*, Case No. 04-00519 (D.D.C.); and

        (iv)    *Galleon, S.A., et al. v. Havana Club Holdings, S.A. and Empresa Exportadora de Alimentos y Productos Varios*, Cancellation No. 92-024108 (TTAB).

For purposes of this paragraph, "resolution, through appeal" includes final resolution of any petition for certiorari to the Supreme Court of the United States, or the expiration of the time to seek any appellate or certiorari review.

Within 5 days of resolution of the of the proceedings in (i) or (ii), counsel for Cubaexport shall provide written notice to this court and counsel fo record for the plaintiffs and Bacardi. Within 5 days of resolution of the last of the proceedings in (iii) or (iv), counsel for Bacardi shall provide written notice to this court and counsel of record for the plaintiffs and Cubaexport.

(b)    If any party brings a motion to lift or otherwise affect the stay of this impleader action, or if an order is entered herein lifting the stay or otherwise affecting the stay of this action, the plaintiffs shall provide Bacardi with written notice by serving its counsel of record within 5 days of any such motion or order. Filing on the court's electronic case filing system shall be deemed sufficient service on Bacardi. At that time, Bacardi may re-file its motion to intervene and it will be considered filed as of October 7, 2009, for purposes of the "timeliness" requirement under Rule 24(a)(2) and 24(b)(2).

(c)    All pending motions not expressly addressed in this order (i.e., Cubanatabaco and Cubanaexport's motion to dismiss [D.E. 18], Cubatabaco's motion to change venue [D.E. 26], and Cubatabaco's motion to file memorandum of law supporting change of venue based on related actions [D.E. 47]), are STAYED.

 (d) This order is without prejudice to the positions of the plaintiffs, Cubaexport, and Bacardi on the pending motions, including, without limitation, objections to jurisdiction and venue, and without prejudice to their positions on any future motions that may be filed herein.

Because this case is stayed pending full exhaustion of four separate matters and, as such, will be stayed for a considerable period of time, it makes no sense for this case to remain on the active case docket. Accordingly, this case is ADMINISTRATIVELY CLOSED. Any party may move to reopen the case within 30 days of the resolution of the last of the four cases listed in paragraph (a) of Section IV.

Every six months, starting on July 15, 2010, the plaintiffs shall file status reports informing the court of the status of each of the four cases listed in paragraph (a) of Section IV

DONE and ORDERED in chambers in Miami, Florida, this 2nd day of June, 2010.

*[signature]*
Adalberto Jordan
United States District Judge

Copy to: All counsel of record